Filed 12/4/14  B.J. v. C.F. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| B.J., | |
| Plaintiff and Respondent, | E058760 |
| v. | (Super.Ct.No. IND1201412) |
| C.F., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gregory J. Olson, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

C.F., in pro. per., for Defendant and Appellant.

No Appearance for Plaintiff and Respondent.

Defendant and appellant C.F. (father) and plaintiff and respondent B.J. (mother) are the parents of P. (born in 2005) and A. (born in 2006).  Since 2008, father has been incarcerated.  On August 3, 2012, mother petitioned the court to establish the parental relationship between the children and father, to obtain sole legal and physical custody of the children, and to deny visitation with father.  On January 30, 2013, father filed his own

petition regarding child custody and visitation. The trial court granted mother's petition on March 11, 2013, and denied father's on April 11, 2013. Father appeals from both orders.

## I. PROCEDURAL BACKGROUND AND FACTS

In April 2008, mother obtained a restraining order against father, along with a no-visitation order. That same year, father was incarcerated for committing a Penal Code section 288a offense involving mother's daughter. Nonetheless, mother periodically allowed the children to visit their father.

On August 3, 2012, mother petitioned the court to establish paternity and to modify child custody and visitation. On November 19, 2012, a hearing was held, and mother informed the court that father was incarcerated and had attempted to file an objection to the petition. Sole legal and physical custody was temporarily awarded to mother, with no visitation for father; however, the court ordered both parents "to attend Child Custody Recommending Counseling" (mediation) on January 4, 2013. The mediation was not held due to father's nonappearance, and on January 18, 2013, the court again ordered both parents to attend mediation, with father authorized to appear telephonically.

On January 30, 2013, father filed his petition for modification of child custody and visitation. He was incarcerated and requested two monitored telephone calls per month. On February 7, 2013, the case was assigned to child custody recommending counselor, Marlo Guzman, who held the mediation on February 15, 2013.

2

Mother's petition was heard on March 11, 2013. The court found father to be the natural father of the children, granted mother sole legal and physical custody, and denied father's oral motion for supervised telephonic contact. On April 11, 2013, the trial court denied father's petition for modification of child custody and visitation.

## II. DISCUSSION

**A. The Trial Court Did Not Abuse Its Discretion or Violate Father's Due Process Rights When It Denied Him Custody and Visitation.**

In two separate, but similar, arguments, father challenges the trial court's decision to grant custody to mother and deny him visitation. Because these arguments are closely related, we combine them into one discussion.

*1. Standard of Review.*

The standard of appellate review of a custody and visitation order is deferential abuse of discretion. (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 32.) Under this test, we must uphold the trial court's ruling if it is correct on any basis, regardless of whether such basis was actually invoked. (*Ibid.*) The trial court, having heard the evidence and having observed the demeanor, attitude, and veracity of the witnesses, is best qualified to determine the factual issues presented at trial. (*In re Marriage of Lewin* (1986) 186 Cal.App.3d 1482, 1492.)

*2. Contentions and Analysis.*

In challenging the trial court's custody and visitation order, father primarily focuses on Ms. Guzman's recommendation. First, he complains that she failed to interview him separately from mother prior to mediation. Next, he complains that he was

3

not allowed the opportunity to fill out the mandatory parent orientation questionnaire. Further, he contends the recommendation was inaccurate as to the date of his last contact with the children.

Despite father's claim, there is nothing in the record before this court that suggests any nefarious reason why the parents were not interviewed separately or for father being denied the opportunity to fill out the questionnaire. As for any inaccuracy regarding his last visitation with the children, father informed the court of the correct date during the hearing. More importantly, at both the trial level and on appeal, father has not offered any evidence of specific information he possessed which might have been revealed in an interview or questionnaire that would have supported a different recommendation from Ms. Guzman.

Next, father claims that he was prejudiced at the mediation because mother accused him of lying, and when he expressed his belief that Ms. Guzman was biased in favor of mother, Ms. Guzman terminated the session. Father faults Ms. Guzman for (1) failing to reduce the acrimony between the parties; (2) failing to develop an agreement which would have allowed the children to continue close contact with father; (3) failing to effect a settlement on a visitation plan that was in the best interests of the children; and (4) failing to comply with Family Code sections 3161 and 3162. Father objected to Ms. Guzman's recommendation; however, the court impliedly overruled his objection.

Finally, father argues that the fact that a stepfather abused his stepdaughter is insufficient to show that his sons would be at risk of sexual abuse, and thus, a "blanket no contact order was an abuse of discretion." Although father does not accuse the trial court

4

of relying on his criminal background, he acknowledges that he was accused of, and pled guilty to, lewd and lascivious conduct on a minor. He notes that mother's daughter made the accusation, that there was no finding of penetration or force, and that he was highly intoxicated when arrested. Father assumes the trial court relied on his criminal background in making its decision.

With Ms. Guzman's alleged faulty recommendation and father's criminal background in mind, father contends the trial court abused its discretion in making its custody/visitation determination. However, he offers no support for his argument. Rather, father cites to case law which has no application to the facts of his case. "An appellant must provide an argument and legal authority to support his contentions. This burden requires more than a mere assertion that the judgment is wrong. . . . It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness. When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived. [Citation.]" (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852, fn. omitted.)

Even if we consider the merits of the issue, we conclude the trial court's decision is supported by the evidence (Ms. Guzman's recommendation and the testimony of both parents) and not beyond the bounds of reason. (*In re Marriage of Loyd* (2003) 106 Cal.App.4th 754, 759.) In making its decision, the trial court observed, "Apparently, there was a problem when you did have contact [with the children] in 2011. Based on that, I'm not going to order phone call communication at this time. Obviously, when you

5

get out of prison, you can come back to court, show the [c]ourt that things have changed, what you've done, and we can look at it again, but I'm going to follow the recommendation at this time."

**B.  Father Was Not Denied Any Due Process Right to Counsel**

According to father, the trial court's denial of his request for appointment of counsel violated his due process rights.  However, in support of this claim, father cites to case law solely concerning a parent's right to counsel in dependency cases.  This is not a dependency case; rather, this is a family law case.  Father has not cited to, nor are we aware of, any legal authority that grants parents a due process right to counsel in a family law action involving custody and visitation issues.  Absent such authority, the trial court correctly denied father's request.

**C.  The Record Is Inadequate to Show the Court Imposed Court Fees After Waiving Them**

Father contends the trial court erred in imposing court fees after it granted a fee waiver to him.  Father has the burden of overcoming the presumption of correctness.  In order to do so, he must provide the court with an adequate record that demonstrates what the trial court did and the alleged error.  His failure to provide an adequate record on a particular issue requires that the issue be resolved against him.  (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)  Here, the record is insufficient to show that father was charged and paid court fees after the court granted his request for waiver.

**D. The Trial Court Did Not Violate Father's Due Process Rights by Failing to Order a Court Evaluator.**

Father challenges the denial of a child custody evaluation on July 1, 2013, while this case was pending on appeal. However, the denial was made after the orders that father appeals from, and thus are outside the scope of our review.

### III. DISPOSITION

The orders are affirmed. The parties shall each bear their own costs on appeal.[1]

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

HOLLENHORST
J.

We concur:

RAMIREZ
P.J.

RICHLI
J.

---

[1] Although mother has prevailed on the merits in this appeal, she did so despite failing to file a respondent's brief. We decline, therefore, to award her costs. (California Rules of Court, rule 8.278, subd. (a)(5).)